In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-03-283 CV


____________________



EARL B. BURGESS, Appellant



V.



VIVIAN DAVISON, ET AL., Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D 161,765






MEMORANDUM OPINION (1)


 We received notice of appeal filed June 20, 2003. We notified the parties that the
notice of appeal did not appear to have been timely filed. We received a response from
the appellant, Earl B. Burgess, who is an inmate confined in the Mark W. Stiles Unit of
the Texas Department of Criminal Justice, Institutional Division. The Attorney General's
Office provided the Court with the prison mailroom log entries for the appellant's 
incoming and outgoing mail during the pertinent time period.

 The judgment was signed on March 5, 2003. The appellant claims that he submitted
a motion for new trial on April 3, 2003, and mailed a copy of the motion to the attorney
for the appellees. According to the prison mailroom logs, however, the motion was mailed
on April 9, 2003, 35 days after judgment. The document was not deposited in the mail on
or before the last day for filing. See Tex. R. Civ. P. 5. The motion for new trial was filed
with the district clerk on April 10, 2003, more than 30 days after judgment and too late
to extend the appellate timetable. See Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1. 
Therefore, the notice of appeal was due to be filed on April 4, 2003, not June 3, 2003. 
Although the appellant claims that he placed the notice of appeal in the prison mail system
on June 17, 2003, the prison mailroom logs and the U.S. Mail postmark demonstrate that
the motion was actually mailed on June 19, 2003. The notice of appeal was filed on June
20, 2003. 

 The appellant failed to file notice of appeal within the time for perfecting appeal,
and further failed to file notice of appeal within the time permitted for an extension of time
to file notice of appeal. See Tex. R. App. P. 26.3. The appellant did not file a motion for
extension of time with this Court and did not perfect a restricted appeal. Our appellate
jurisdiction has not been invoked. 

 It is, therefore, ORDERED that this appeal be DISMISSED for lack of jurisdiction. 
 APPEAL DISMISSED.

 PER CURIAM

Opinion Delivered November 6, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.